UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SIMEON PITTMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. KAMEN, et al.,<br><br>　　　　Defendants. | **1:18-cv-01316-DAD-GSA-PC**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER**<br>**(ECF No. 32.)**<br><br>**NEW DEADLINES FOR ALL PARTIES:**<br><br>**New Discovery Deadline:**　　July 30, 2021<br><br>**New Dispositive Motions Deadline:**　September 30, 2021 |

**I.　BACKGROUND**

Edward Simeon Pittman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint, filed on November 8, 2019, on Plaintiff's Eighth Amendment medical indifference claim against defendant Kamen; and Plaintiff's First Amendment retaliation claims against defendants Kamen and Hickman. (ECF No. 14.)

This case is scheduled for a settlement conference on May 26, 2021, at 10:00am before Magistrate Judge Jennifer L. Thurston. (ECF No. 26.)

On May 12, 2021, defendants Hickman and Kamen ("Defendants") filed a motion to modify the August 4, 2020 Discovery and Scheduling Order. (ECF No. 32.)

1

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### Discussion

Pursuant to the court's order issued on March 23, 2021, the current deadline for completion of discovery in this case is June 15, 2021, and the current deadline for the filing of dispositive motions is August 15, 2021. (ECF No. 28.) Defendants request a forty-five day extension of the discovery and dispositive motions deadlines to allow time for Defendants to receive Plaintiff's outstanding discovery responses, review Plaintiff's responses, file any motions to compel, if necessary, and incorporate the information into any appropriate dispositive motion. Plaintiff has indicated his support of this motion to modify the existing discovery and scheduling deadlines. (ECF No. 32-2 ¶ 6.)

Defendants have shown that even with the exercise of due diligence, they cannot meet the discovery deadline established in the court's current scheduling order. Therefore, the court finds good cause to grant Defendants' motion to modify the scheduling order. The court shall extend the discovery deadline to July 30, 2021 and the dispositive motions deadline to September 30, 2021, for all parties.

## III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's scheduling order, filed on May 12, 2021, is GRANTED;

///

2. The deadline for completion of discovery is extended from June 15, 2021, to **July 30, 2021**, for all parties;

3. The deadline for filing dispositive motions is extended from August 15, 2021, to **September 30, 2021**, for all parties; and

4. All other provisions of the court's August 4, 2020, Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **May 13, 2021**          /s/ Gary S. Austin
                           UNITED STATES MAGISTRATE JUDGE