UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SIMEON PITTMAN,<br><br>             Plaintiff,<br><br>      v.<br><br>KAMEN, et al.,<br><br>             Defendants. | 1:18-cv-01316-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' REQUEST FOR INVOLUNTARY DISMISSAL OF CASE BE GRANTED (ECF No. 41.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.     BACKGROUND

Edward Simeon Pittman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

This case now proceeds with Plaintiff's First Amended Complaint filed on November 8, 2019, with Plaintiff's Eighth Amendment medical indifference claim against defendant Dr. Geoffrey Kamen; and, Plaintiff's First Amendment retaliation claims against defendants Dr. Geoffrey Kamen and Physician's Assistant S. Hickman ("Defendants").  (ECF No. 14.)

**Settlement Conference May 26, 2021**

On May 26, 2021, at 10:00 a.m., the parties appeared at a settlement conference before Magistrate Judge Jennifer L. Thurston, during which the parties reached a settlement agreement

to fully resolve this case. (ECF No. 36.) Plaintiff, proceeding *pro se*, and Defendants' counsel, Olena Likhachova and Tracy Hendrickson, were present at the video conference before Magistrate Judge Thurston. (Id.) Before the negotiations began the court was clear with Plaintiff that the decision to settle was his and that the Court would not pressure him to decide to settle or not settle because it was his case and he would have to live with the decision. (ECF No. 39 at 1:19-21.) Once the parties agreed to a sum to settle the case the parties went on the record and the terms of the settlement agreement were placed on the record. (ECF No. 36; ECF No. 39 at 1:24-25.) Plaintiff was advised that settling meant he would sign a settlement agreement and he could not be paid until he signed and returned the documents, including the payee data form. (ECF No. 39 at 1:25-27.) Plaintiff was also advised that the case was settled even if he later refused to sign the settlement agreement. (Id. at 1:27-2:1.) Plaintiff stated that he had no questions about the terms of the settlement. (Id. at 2:1-2.)

Plaintiff has since had a change of mind and has refused to sign the Settlement Agreement along with the other settlement documents.

**Status Conference June 21, 2021**

On June 21, 2021, the Court held a follow-up Status Conference with the parties to discuss the terms and conditions of the settlement. (ECF Nos. 38, 39.) The Court reiterated during the Status Conference that the case was settled and that Plaintiff's refusal to sign the settlement agreement did not alter that fact. (ECF No. 39 at 2:6-7.) The court also reminded Plaintiff that if he refused to sign the payee data sheet, he could not be paid. (Id. at 2:7-8.)

As explanation for his failure to sign the settlement agreement, Plaintiff indicated that he felt he had no option other than to settle and believed the settlement amount was not enough. (Id. at 2:3-4.) The Court reminded Plaintiff that the Court had been clear at the May 26, 2021 settlement conference, before settlement negotiations began, that the decision to settle was his and that the court would not pressure him to decide to settle or not settle because it was his case and he would have to live with the decision. (Id. at 1:19-21; 2:5-6.)

After the status conference, Magistrate Judge Thurston issued an order requiring the parties to file a stipulation to dismiss this action no later than July 2, 2021. (Id. at 2:9.) The

parties were advised that their failure to comply with the order may result in the court imposing sanctions on the recalcitrant party, including the involuntary dismissal of the action. (Id. at 2:10-12.)

**Defendants' Request for Involuntary Dismissal June 28, 2021**

On June 28, 2021, Defendants filed a Request for Involuntary Dismissal of the case. (ECF No. 41.) On July 1, 2021, Plaintiff filed an opposition to the Request. (ECF No. 42.) For the reasons that follow this Court RECOMMENDS that Defendants' Request be GRANTED.

## II.    LEGAL STANDARDS

A District Court has the authority to "'enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.'" In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1995) (citations omitted); see also Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (same); TNT Mktg., Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986) (recognizing the Court's "inherent power to enforce [an] agreement in settlement of litigation before it"). This authority extends to oral agreements. Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002); see also Woods v. Carey, No. 2:04-cv-1225 MCE AC P, 2015 WL 7282749, at *4 (E.D. Cal. Nov. 18, 2015), report and recommendation adopted, 2016 WL 11440086 (E.D. Cal. Jan. 15, 2016), aff'd, 715 Fed. App'x 694 (9th Cir. 2018). Indeed, the Court is "bound to enforce" agreements reached in its presence because such agreements are "not only between the parties, but also between them and the court." Winn v. Potter, No. 07cv630-NLS, 2008 WL 11338406, at *2 (S.D. Cal. Oct. 22, 2007) (further noting that "[i]t is boilerplate law that oral agreements and stipulations made in the presence of the court are enforceable") (citing 7 A.L.R.3d 1394). The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement. See Olam v. Congress Mortg. Co., 68 F. Supp. 2d 1110, 1137 n. 19, 1140 (N.D. Cal. 1999).

Under federal law two requirements must be met for the Court to enforce a settlement agreement. First, the agreement must be complete. Callie, 829 F.2d at 890. Second, all parties must have directly agreed to be bound by the terms of the settlement or have authorized their respective representatives to settle the dispute. Harrop v. Western Airlines, Inc., 550 F.2d 1143,

1144-45 (9th Cir. 1977). In addition to these requirements, the Court applies California law in determining whether a legally enforceable settlement agreement was reached, even where the underlying cause of action arises under federal law. See Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989); United Commercial Ins. Serv. v. Paymaster Corp., 962 F.2d 853, 857 (9th Cir. 1992).

Under California law contract formation requires (1) parties capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or consideration. Lopez v. Charles Schwab & Co., 118 Cal. App. 4th 1224, 1230 (Cal. Ct. App. 2004) (citing Cal. Civ. Code § 1550). Because the facts of this case do not bring into question the issues of capacity, lawfulness, or the sufficiency of consideration, this Court will focus on the parties' consent, or the element of mutual assent. "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. (citing Cal. Civ. Code §§ 1550, 1565). The existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed upon the same thing in the same sense." Weddington Prod., Inc., v. Flick, 60 Cal. 4th 793, 811 (Cal. 1998). Furthermore, California Code of Civil Procedure, section 664.6, provides that "[i]f parties to pending litigation stipulate . . . orally before the court, for settlement of the case . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement." Cal. Civ. Proc. Code § 664.6.

### III. PARTIES' POSITIONS

Defendants request involuntary dismissal of this case, with prejudice, if Plaintiff fails to deliver to Defendants' counsel all of the signed Settlement Documents by the court-imposed deadline of July 2, 2021. The Settlement Documents were delivered to Plaintiff on June 21, 2021, consisting of a Settlement Agreement, stipulation for voluntary dismissal with prejudice, and a data payee record form. (Declaration of N. Borrego, ECF No. 40 ¶3.) Plaintiff refused to sign these settlement documents, indicating that he believes he will get more money by waiting. (Id. ¶ 4.)

///

///

Plaintiff opposes Defendants' Request for Involuntary Dismissal, arguing that he is not accepting the settlement offer because Magistrate Judge Thurston made him feel that he did not have a choice but to accept it, and he states that he does have a choice. Plaintiff asserts that he is writing up Judge Thurston for denying that "they would bring up my conviction to prejudice a jury." (ECF No. 42 at 1.) Plaintiff states that he considers the settlement offer to be a "slap in the face," and he has not signed anything. (Id.)

## IV. DISCUSSION

As noted, Plaintiff has already affirmatively represented to the court, on the record, his agreement to the terms of the settlement agreement. Given that at the close of the settlement conference the court recorded the orally-stated Settlement Agreement on the record the court finds it unnecessary to obtain Plaintiff's signature when he is refusing to provide it.

In Disibio v. Bank of Oakland, 71 Fed.Appx. 760 (9th Cir. 2003), most of the parties attended a settlement conference and all were represented by counsel at the settlement conference. Gastile v. Virga, No. 2:11-CV-2829-JAM-EFB, 2015 WL 13065433, at *1 (E.D. Cal. Feb. 10, 2015), report and recommendation adopted, No. 211CV2829JAMEFBP, 2015 WL 13065220 (E.D. Cal. June 10, 2015), aff'd, 670 F. App'x 526 (9th Cir. 2016). They negotiated for several hours and settlement was reached. Id. (citing Disibio, 71 Fed.Appx. at 761). The magistrate judge then had the parties state on the record their agreement. Id. They indicated that they had reached a framework for settlement and agreed that the terms were understood and acceptable. Id. After the conference, plaintiffs refused to sign the settlement agreement prepared by defendant. Id. The defendant filed a motion to enforce the oral settlement agreement, which the district court granted. Id. (citing Disibio, 71 Fed.Appx. at 761-762.) On review, the Ninth Circuit noted that it reviews a district court's enforcement of a settlement agreement for abuse of discretion. Id. at *1; (citing Disibio, 71 Fed.Appx. at 762 (citing Doi., 276 F.3d at 1136). The court further noted, "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Id. (internal quotation marks omitted). The court rejected the various arguments advanced by plaintiff and upheld the enforcement of the settlement as within the district court's discretion. Id.

Similarly, in San Francisco Aesthetics v. Tsai, 454 Fed.Appx. 579 (9th Cir. 2011), the Court of Appeal upheld enforcement of an oral settlement agreement where the parties could not get a writing executed after the conference. Gastile, 2015 WL 13065433, at *2. The court held that it was proper for the district court to adopt most of one party's stipulated judgment where the parties "could not distill their oral settlement into a written agreement" because the stipulated judgment accurately reflected the terms of the settlement agreement as orally recorded. Id. (citing San Francisco Aesthetics, 454 Fed.Appx. at 581).

Both of the above cases relied on Doi v. Halekulani Corp., 276 F.3d 1131 (9th Cir. 2002), a case quite similar to Plaintiff's. Gastile, 2015 WL 13065433, at *2. There, the Ninth Circuit held that the district court had properly enforced a negotiated settlement "where, after the terms of the settlement had been placed on the record and agreed to by all parties in open court, the plaintiff refused to execute a written agreement." Id. (quoting Doi, 276 F.3d at 1133–34). The court held that plaintiff had entered into a binding agreement when she agreed to the terms of the settlement in open court. Id. (citing Doi at 1137). Plaintiff had agreed in court to all the material terms of the settlement, so there was no question about her intent to be bound. Id. (citing Doi at 1137–38, 1141 (noting that plaintiff agreed to the terms in open court and disapproving of plaintiff's later disavowal of the settlement "when it suits her")).

As noted in Doi, an agreement to settle a federal case is a contract governed by the applicable state law. Id. (citing Doi at 1136). As to this case, California law provides: "If the parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court *or orally before the court*, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Id. (citing Cal. Civ. Proc. Code § 664.6 (emphasis added)). Plaintiff agreed to the terms of the settlement in open court, on the record. Id.

Thus, enforcement of the settlement is appropriate here. The court finds that it is well within the court's discretion to enforce the Settlement Agreement regardless of whether Plaintiff is willing to sign documents which execute that agreement.

V.     **CONCLUSION AND RECOMMENDATIONS**

Based on the parties' moving and opposing papers, the court's record of the settlement reached at the May 26, 2021 Settlement Conference, the record of the June 21, 2021 Status Conference, and review of the court's order following the Status Conference, this Court finds that Plaintiff and Defendants formed a legally binding settlement agreement at the Settlement Conference, that Plaintiff understood and accepted the terms thereof, and that he knowingly and voluntarily entered into the agreement.

In short, plaintiff appears to have changed his mind about going through with the settlement. But, "[o]nce a party enters into a binding settlement agreement" – as plaintiff did here – "that party cannot unilaterally decide to back out of the agreement." Bland v. Badger, No. 1:19-cv-00702-DAD-EPG (PC), 2020 WL 508874, at *3 (E.D. Cal. Jan. 31, 2020) (citing Doi, 276 F.3d at 1131). Plaintiff's change of heart does not provide a basis for the Court to depart from the rule that "if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract . . . ." Brooks v. Tarsadia Hotels, 2020 WL 5870203 at 11 (S.D. Cal. 2020) (quoting Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir. 1987) (citation omitted)).

Plaintiff has not provided a legitimate basis to justify his refusal to sign the written settlement documents. Accordingly, and for the reasons set forth above, the Court RECOMMENDS that Defendants' Request for Involuntary Dismissal of this action be GRANTED.

For the reasons stated above, it is HEREBY RECOMMENDED that:

1. The court grant Defendants' Request for Involuntary Dismissal, filed on June 28, 2021;
2. This case be dismissed with prejudice; and
3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** from the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten days** after the objections are filed. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **September 2, 2021**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE